IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

LAURA LOWERY,

        Plaintiff,

vs.

CAROLYN W. COLVIN,
Acting Commissioner, Social Security
Administration,

        Defendant.

Case No. 14-CV-310-JHP-FHM

## REPORT AND RECOMMENDATION

Plaintiff, Laura Lowery, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[1] The matter has been referred to the undersigned United States Magistrate Judge for report and recommendation.

## Standard of Review

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination of whether the record as a whole contains substantial evidence to support the decision and whether the correct legal standards were applied. *See Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept

---

[1] Plaintiff's January 18, 2011, application for disability benefits was denied initially and on reconsideration. A hearing before Administrative Law Judge ("ALJ") Belinda Darlene Crutchfield was held January 7, 2013. By decision dated January 24, 2013, the ALJ entered the findings that are the subject of this appeal. The Appeals Council denied Plaintiff's request for review on April 16, 2014. The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Casias v. Secretary of Health & Human Servs.,* 933 F.2d 799, 800 (10th Cir. 1991). Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

## Background

Plaintiff was 42 years old on the alleged date of onset of disability and 44 on the date of the ALJ's denial decision  She has a high school education and formerly worked as sales manager, cashier, collection agent, youth counselor, and assistant manager of a loan office. She claims to have been unable to work since January 10, 2011 as a result of coronary artery disease, status post coronary artery bypass, high blood pressure, diabetes, obesity, depression and panic disorder.

## The ALJ's Decision

The ALJ determined that Plaintiff has the residual functional capacity (RFC) to perform work at the sedentary exertional level with some postural and environmental limitations. In addition, she is limited to performing simple routine tasks with only occasional work with pace or time limitations and only occasional contact with the public. [R. 72].

Although Plaintiff is unable to perform her past relevant work, based on the testimony of a vocational expert, the ALJ determined that there are a significant number of jobs in the national economy that Plaintiff could perform with these limitations. The case was thus decided at step five of the five-step evaluative sequence for determining whether a claimant is disabled. *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

## **Plaintiff's Allegations**

Plaintiff asserts that the ALJ's credibility determination is not supported by substantial evidence, the RFC is not supported by substantial evidence, and the ALJ failed to sustain the Commissioner's burden at step five.

## **Analysis**

### Credibility Determination

Plaintiff states that the "primary rationale cited by the ALJ for [the credibility] finding is that Plaintiff received unemployment benefits and looked for work" during the alleged period of disability. [Dkt. 12, p. 3]. Plaintiff argues that receipt of unemployment benefits does not undermine her credibility that she is unable to work. *Id.* Regardless of whether receipt of unemployment benefits is or is not an appropriate credibility consideration,[2] the

---

[2] In a recently issued unpublished decision, a panel of the Tenth Circuit stated:

> There is an obvious inconsistency between claiming an *ability* to work for purposes of obtaining unemployment compensation and claiming an *inability* to work for purposes of obtaining social security benefits. The ALJ was thus entitled to rely on Pickup's receipt of unemployment benefits as a reason weighing against the credibility of her claim of a completely disabling impairment.

*Pickup v. Colvin*, — Fed. Appx. — , 2015 WL 1515460, *2 (10th Cir., April 6, 2015) (italics in original).

3

undersigned finds no error in the ALJ's credibility analysis. It is not accurate to say that receipt of unemployment benefits was the "primary rationale" for the ALJ's credibility determination, as hereafter discussed other factors were considered. Plaintiff also argues that the ALJ's reliance on the fact that she continues to smoke cigarettes is an improper credibility consideration. Although the ALJ noted that Plaintiff continues to smoke, the ALJ did not state that smoking was a basis for discounting the credibility of Plaintiff's allegations of disability. [R. 74].

The ALJ gave a number of reasons, tied to the evidence for her credibility determination. The ALJ noted that although Plaintiff underwent a quadruple bypass surgery in March 2010 and suffered a heart attack 45 days later, her alleged onset date is related to her dismissal from her last job. [R. 77]. Plaintiff's cardiologist released her to full time work on November 16, 2010, following an evaluation on November 12, 2010. [R. 77, 296]. Subsequent cardiac examinations have been within normal limits. Plaintiff's diabetes is successfully managed on an outpatient basis, prescription medication helped her depression and anxiety, and Plaintiff testified that her depression did not prevent her from working. [R. 77-78]. "Credibility determinations are peculiarly the province of the finder of fact, and [the court] will not upset such determinations when supported by substantial evidence. However, findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." *Hackett v. Barnhart*, 395 F.3d 1168, 1173 (10th Cir.2005) (citation, brackets, and internal quotation marks omitted). The undersigned finds that the ALJ sufficiently linked the credibility finding to the record, therefore the undersigned finds no reason to deviate from the general rule to accord deference to the ALJ's credibility determination.

RFC Determination

Plaintiff makes the following arguments in relation to her assertion that the RFC is not supported by substantial evidence: the ALJ "discarded" a third party statement by a friend as to Plaintiff's abilities; findings by consultative examiner, Dr. Quadeer, showing left leg weakness were not accounted for by any limitation in the ability to use foot controls; no limitations were included for the activities of bending, squatting, and reaching; the RFC is not supported by any medical opinion as to Plaintiff's functional limitations; the ALJ failed to consider and weigh a handicapped parking form as a treating physician opinion; and the ALJ failed to identify what RFC limitations were attributed to Plaintiff's obesity, high blood pressure, and diabetes.

There is no requirement in the regulations or in case law for a direct correspondence between an RFC finding and a specific medical opinion on the functional capacity in question. *Chapo v. Astrue*, 682 F.3d 1285, 1288 (10th Cir. 2012). "[T]he ALJ, not a physician, is charged with determining a claimant's RFC from the medical record." *Howard v. Barnhart*, 379 F.3d 945, 949 (10th Cir.2004) (following 20 C.F.R. § 416.927(e)(2) and SSR 96–59, 1996 WL 374183, at *5); see also 20 C.F.R. §§ 404.1546(c) and 416.946(c). The Tenth Circuit has thus "rejected [the] argument that there must be specific, affirmative, medical evidence on the record as to each requirement of an exertional work level before an ALJ can determine RFC within that category." *Howard*, 379 F.3d at 949; see, e.g ., *Wall v. Astrue,* 561 F.3d 1048, 1068–69 (10th Cir. 2009)(upholding ALJ's findings on mental impairment where record did not contain any treating or examining medical opinions as to allegedly disabling pain disorder); *Bernal v. Bowen*, 851 F.2d 297, 302–03 (10th Cir.1988) (holding ALJ properly made mental RFC findings without expert medical assistance).

The ALJ clearly stated that she considered Plaintiff's obesity and found that obesity does not prevent ambulation, reaching or postural maneuvers, although in combination with other impairments does somewhat reduce postural ability. The ALJ stated those limitations were accounted for in reducing the range of sedentary work in the RFC. [R. 70-71]. The RFC includes the limitation of occasional climbing stairs, and never climbing ladders or scaffolds. [R. 72]. Furthermore, the undersigned notes that in *Social Security Ruling* (SSR) 96-9p the Commissioner explains:

> Postural limitations or restrictions related to such activities as climbing ladders, ropes, or scaffolds, balancing, kneeling, crouching, or crawling would not usually erode the occupational base for a full range of unskilled sedentary work significantly because those activities are not usually required in sedentary work.

1996 WL 374185 at *7. The undersigned further notes that none of those activities are included in the *Dictionary of Occupational Titles* (DOT) descriptions for any of the jobs identified by the vocational expert. *See* DOT 209.587-010, 1991 WL 671797; 379.367-010, 1991 WL 673244; 692.685-266, 1991 WL 692.685-266.

There is nothing within the definition of sedentary work, SSR 96-9p, or the DOT descriptions of the particular jobs identified by the vocational expert to suggest that the ability to use foot controls is a necessary element of sedentary work. The undersigned concludes therefore that Plaintiff's assertions that the ALJ erred by failing to include more or different postural limitations or a restriction on the ability to use the left leg for operation of foot controls are without merit.

Plaintiff's argument that the ALJ erred by failing to identify what limitations are linked to her high blood pressure and diabetes is unaccompanied by any discussion of what

6

additional limitations Plaintiff believes are supported by substantial evidence. It is Plaintiff's duty on appeal to support arguments with references to the record and to tie relevant facts to legal contentions. The court will not "sift through" the record to find support for the claimant's arguments. *SEC v. Thomas*, 965 F.2d 825, 827 (10th Cir.1992), *United States v. Rodriguiez-Aguirre*, 108 F.3d 1228, 1237 n.8 (10th Cir. 1997)(appellants have the burden of tying the relevant facts to their legal contentions and must provide specific reference to the record to carry the burden of proving error). Plaintiff has not demonstrated that the ALJ erred.

The failure of the ALJ to mention or discuss the fact that a treating physician completed a form to enable Plaintiff to obtain a handicapped parking permit is not error. The ALJ is not required to discuss every piece of medical evidence in the record. *Clifton v. Chater*, 79 F.3d 1007, 1009-10 (10th Cir. 1996). Furthermore, even if the ALJ were required to discuss the notation in the record that the doctor "also filed out Handicapped Parking sticker," [R. 649], the undersigned fails to see, and Plaintiff fails to explain, how discussion of this notation in the record would benefit Plaintiff's case in view of the fact that Plaintiff was limited to sedentary work.[3] The Tenth Circuit has counseled that the court should exercise common sense and not insist on technical perfection. *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1166 (10th Cir. 2012). Further, no principle of administrative law or common sense requires that a case be remanded in quest for a perfect opinion, unless

---

[3] In a recent unpublished decision, a panel of the Tenth Circuit found no error in the ALJ's failure to credit a treating physician's completion of a handicapped parking application as an opinion. *Duncan v. Colvin*, — Fed.Appx. — , 2015 WL n1475314, *6 (10th Cir., April 2, 2015). The Court noted that as in this case the RFC in *Duncan* was for sedentary work. *Id.*

there is reason to believe that the remand might lead to a different result. *See Moua v. Colvin,* 541 Fed. Appx. 794, 798 (10th Cir. 2013).

Plaintiff states that the ALJ "discarded" the third party statement of her friend, Melissa Townsley. [Dkt. 12, p. 4]. The ALJ accurately summarized Ms. Townsley's statement and stated she did not assign great weight to the statement for the reason that a friend may express an opinion to assist a claimant, and also because aspects of Ms. Townsley's opinion are consistent with an RFC for sedentary work. [R. 73-74, 236-243]. The Commissioner's regulations, 20 C.F.R. §§ 404.1513(d)(3), 416.913(d)(3), provide that in addition to evidence from medical sources, the Commissioner *may* use information from other sources to show the severity of impairments and how the ability to work is affected. Such "other" sources include, for example spouses, parents, other care givers, neighbors, siblings, other relatives, and clergy. The regulations do not address how the information from these other sources is to be evaluated. There is certainly no requirement that the ALJ has to specifically discuss this evidence. *Social Security Ruling* (SSR) 06-03p, 2006 WL 2263437, addresses how opinions and other evidence from sources who are not considered acceptable medical sources in the regulations are to be considered. The Ruling does not make any requirements that the information from "other" sources be evaluated or discussed in any particular manner. The Ruling merely states it would be appropriate to consider such factors as the nature and extent of the relationship, whether the evidence is consistent with other evidence, and other factors that tend to support or refute the evidence. The undersigned finds that the ALJ's decision shows that these factors were considered.

<u>Step Five Analysis</u>

At step five of the five-step sequential evaluation process, the ALJ determines whether, considering the claimant's RFC, age, education, and work experience there is work the claimant can perform. 20 C.F.R. §§ 404.1520(a)(4), 416.920 (a)(4). It is the Commissioner's responsibility to provide evidence that demonstrates other work exists in the economy that claimant can do. 20 C.F.R. §§ 404.1560(c)(2), 416.960(c)(2). Plaintiff argues that the DOT description of the job of surveillance service monitor requires a reasoning level 3, which exceeds the Plaintiff's RFC for simple, routine tasks and requires dealing with people which exceeds the RFC limitation of only occasional public contact. *See* DOT 3749.367-010, 1991 WL 673244. The undersigned is of the opinion that this job does not exceed the RFC finding. However, since Plaintiff's objection to one of the other jobs is demonstrably meritless and since Plaintiff did not object to the remaining job and only a single job is required, the undersigned will not engage in the exercise of addressing Plaintiff's objections to the surveillance monitor job. *See Evans v. Chater*, 55 F.3d 530, 532 (10th Cir 1995) (citing 20 C.F.R. § 404.1566(b))("Work exists in the national economy [for step-five purposes] when there is a significant number of jobs (in one or more occupations ) having requirements which [the claimant is] able to meet....").

Plaintiff argues that the job of "zipper trimmer, machine," DOT 692.685-266, 1991 WL 678774, is precluded by the RFC limitation of avoiding moving machinery. According to Plaintiff, this job "clearly requires the operation of moving machinery." [Dkt. 12, p. 9, Dkt. 18, p. 3]. Plaintiff's assertion is not borne out by the DOT description which specifies: "Moving Mech Parts: Not Present–Activity or condition does not exist." 1991 WL 678774. Moreover, Plaintiff poses no objection to the addresser job, DOT 209.587-101, 1991 WL

9

671797. Together, these two jobs represent 6500 jobs in the region and 83,500 jobs nationally. [R. 797].

The undersigned finds that the Commissioner sustained the burden at step five.

## **Conclusion**

The undersigned United States Magistrate Judge finds that the ALJ evaluated the record in accordance with the legal standards established by the Commissioner and the courts and further that there is substantial evidence in the record to support the ALJ's decision. Accordingly, the undersigned United States Magistrate Judge RECOMMENDS that the decision of the Commissioner finding Plaintiff not disabled be AFFIRMED.

In accordance with 28 U.S.C. §636(b) and Fed. R. Civ. P. 72(b)(2), a party may file specific written objections to this report and recommendation. Such specific written objections must be filed with the Clerk of the District Court for the Northern District of Oklahoma on or before May 25, 2015.

If specific written objections are timely filed, Fed.R.Civ.P. 72(b)(3) directs the district judge to:

> determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

See also 28 U.S.C. § 636(b)(1).

The Tenth Circuit has adopted a "firm waiver rule" which "provides that the failure to make timely objections to the magistrate's findings or recommendations waives appellate review of factual and legal questions." *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1059 (10th Cir. 1996) (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th

Cir. 1991)). Only a timely specific objection will preserve an issue for de novo review by the district court or for appellate review.

DATED this 11th day of May, 2015.

*Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE