**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| LAURA LOWERY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 14-CV-310-JHP-FHM |
| | ) | |
| CAROLYN COLVIN, Acting | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

On May 11, 2015, the United States Magistrate Judge entered a Report and Recommendation in regard to Plaintiff's request for judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner"). [Doc. No. 19]. The Magistrate Judge recommended this Court affirm the decision of the Administrative Law Judge ("ALJ"). The Plaintiff, Laura Lowery, has filed an Objection to the Magistrate Judge's Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(a). [Doc. No. 20]. On June 3, 2015, the Defendant filed a Response [Doc. No. 21], and on June 15, 2015, Plaintiff filed a Reply [Doc. No. 22].

In her Objection to the Magistrate Judge's Report and Recommendation, Plaintiff asserts three allegations of error: (1) at step five, the Magistrate exceeded his authority by supplying the finding that two jobs existed in significant numbers where the ALJ did not make such findings, and the VE's testimony is in direct conflict with the Dictionary of Occupational Titles ("DOT") as to at least one of the three jobs identified; (2) regarding credibility, the Magistrate ignored case law in this Circuit that the credibility assessment requires consideration of all the factors in combination; and (3) regarding Plaintiff's Residual Function Capacity ("RFC"), the Magistrate

ignored the fact that there is no medical evidence or opinion whatsoever as to Plaintiff's functional limitations.

This Court finds the Report and Recommendation of the Magistrate Judge is supported by the record with respect to the Magistrate's findings on the second and third issues described above, the issues of the Plaintiff's credibility and the medical evidence supporting the ALJ's RFC finding.  However, the Court finds the Report and Recommendation of the Magistrate Judge is not supported by the record with respect to the first issue, the "significant numbers" analysis.  Accordingly, the Court rejects the Report and Recommendation on this issue alone and remands to the Magistrate for a determination of whether the surveillance monitor job exceeds Plaintiff's RFC.

## Discussion

This Court's review of the Commissioner's decision is limited in scope by 42 U.S.C. § 405(g). The Court may reverse and remand the Commissioner's decision only if it is not supported by substantial evidence or the correct legal standards were not applied.  *Hamlin v. Harnhart*, 365 F.3d 1208, 1214 (10th Cir. 2004).  Substantial evidence is such evidence as a reasonable mind might accept as adequate to support a conclusion.  *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009).  The Court "may neither reweigh the evidence nor substitute [its] discretion for that of the [Commissioner]."  *Kelley v. Chater,* 62 F.3d 335, 337 (10th Cir.1995).

### "Significant Number of Jobs" Analysis

In her Objection to the Magistrate Judge's Report and Recommendation, Plaintiff asserts the Magistrate exceeded his authority with regard to his step five findings.  At step five, the ALJ relied on the testimony of the vocational expert ("VE") that there were three jobs in the national economy that Plaintiff could perform: clerical mailer, surveillance monitor, and trimmer. [Doc.

No. 10-2, at R. 79]. Based on this finding, the ALJ concluded work existed in "significant numbers in the national economy" that Plaintiff could perform. [*Id.*]. On review, the Magistrate considered Plaintiff's allegations of error regarding this conclusion and found that they did not constitute error. The Magistrate found Plaintiff's objection regarding the surveillance monitor job—that the DOT description of the job exceeded Plaintiff's RFC—did not merit consideration, because Plaintiff's objection to the trimmer job was "demonstrably meritless" and Plaintiff did not object to the mailer job at all. [Doc. No. 19, at 9]. Because these two jobs together represent 6,500 jobs regionally and 83,500 jobs nationally, the Magistrate Judge concluded the Commissioner sustained the burden at step five. [*Id.* at 9-10].

In her Objection, Plaintiff reasserts her argument with respect to the surveillance monitor job and further argues the Magistrate Judge exceeded the proper scope of review by finding, on his own, that a particular number of jobs was significant. [Doc. No. 20, at 1-2]. Defendant responds that when at least one valid occupation identified by the VE remains, the Court may determine whether the remaining occupation(s) constitute a significant number of jobs in the national economy. Defendant cites *Keyes-Zachary v. Colvin*, 2015 WL 65528, at *6 (N.D. Okla. Jan. 5, 2015) in support.

The Court agrees that *Keyes-Zachary* is directly on point; however, Defendant misreads its meaning. The *Keyes-Zachary* court actually declined to conclude that 7,000 sorter positions in the regional economy and 80,000 positions nationally constituted a "significant number" of positions, when two of the three occupations identified by the VE conflicted with the DOT. *Id.* at *7. *See also Keyes-Zachary v. Colvin*, 2015 WL 321394, at *4 (Jan. 26, 2015) (denying defendant's motion to alter or amend judgment regarding "significant numbers" analysis). In reaching this result, the *Keyes-Zachary* court noted the issue of numerical significance under 42

U.S.C. § 423(d)(2)(A) "'should ultimately be left to the ALJ's common sense in weighing the statutory language as applied to a particular claimant's factual situation.'" 2015 WL 65528, at *7 (*quoting Allen v. Barnhart*, 357 F.3d 1140, 1144 (10th Cir. 2004)). While "it nevertheless may be appropriate to supply a missing dispositive finding under the rubric of harmless error in the right exceptional circumstance," *Allen*, 357 F.3d at 1145, the *Keyes-Zachary* court noted the Tenth Circuit "has never drawn a bright line establishing the number of jobs necessary to constitute a 'significant number.'" *Keyes-Zachary*, 2015 WL 321394, at *4 (quoting *Trimiar v. Sullivan*, 966 F.2d 1326, 1330 (10th Cir. 1992) (quotation marks omitted). The Court finds this Circuit authority to be instructive and the reasoning of the *Keyes-Zachary* opinions to be persuasive.

As in *Keyes-Zachary*, this is not a case where the court needed "only to review the ALJ's findings." 2015 WL 321394, at *4. "Cases of this type are relatively rare, and the results at the Tenth Circuit are conflicting." *Id.* (citing conflicting unpublished Tenth Circuit cases regarding the determination of "significant numbers"). Here, the VE testified there are 6,500 mailer and trimmer positions regionally and 83,500 positions nationally. There are fewer regional and national positions available here than in *Keyes-Zachary*, in which there were 7,000 regional jobs and 80,000 national jobs. Given the Tenth Circuit's preference that a reviewing court should make a dispositive finding only in an "exceptional circumstance," the Court here declines to find that 6,500 jobs in the region and 83,500 jobs nationally constitute a significant number of jobs. Because the Magistrate Judge exceeded his authority in making this determination, this determination is rejected.

Importantly, however, the Magistrate specifically declined to address Plaintiff's objections to the surveillance monitor job. The Magistrate noted his "opinion that this job does

not exceed the RFC finding," [Doc. No. 19, at 9], but he did not engage in a full analysis of that position. Accordingly, the Court will remand this matter to the Magistrate to address whether the DOT description of the job of surveillance service monitor exceeds the Plaintiff's RFC. This determination is necessary in order for the Court to assess the "significant numbers" analysis at step five. The Court affirms the Magistrate's determination that there is no DOT conflict regarding the trimmer or mailer positions.

## CONCLUSION

Upon full consideration of the entire record and the issues presented herein, the Court orders that the Report and Recommendation entered by the United States Magistrate Judge on May 11, 2015, be **AFFIRMED** and **ADOPTED IN PART** and **REJECTED IN PART** by this Court as described above. Therefore, the Court **REMANDS** this matter to the Magistrate Judge for a finding of whether the DOT description of the "surveillance monitor" job exceeds Plaintiff's RFC.

IT IS SO ORDERED this 29th day of September, 2015.

James H. Payne
United States District Judge
Northern District of Oklahoma